FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 MAR 22  AM 11: 54

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

INDIA DAVIS,

      PLAINTIFF,

V.

CAPITAL ONE BANK (USA), N.A.,

      DEFENDANT.

Case No. 3:17-cv-325-J-32MCR

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Capital One Bank (USA), N.A. (Capital One), gives notice of the removal of this action from the Circuit Court for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division, stating as follows:

### I. INTRODUCTION

1. On February 17, 2017, Plaintiff India Davis commenced this action by filing a Complaint in the Circuit Court for Duval County, Florida, Case Number 16-2017-CA-001057-XXXX-M. A true and correct copy of all pleadings, process, and orders served on Capital One is attached to this Notice of Removal as Exhibit 1.

2. In the Complaint, Plaintiff alleges that Capital One placed telephone calls to Plaintiff's cellular telephone in attempt to collect amounts owed on her Capital One account. (Complaint, ¶¶ 5-9, 21). Specifically, the Complaint alleges Capital One made

29402168 v1

calls to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's "prior, unrevoked, consent" and after Plaintiff told Capital One she did not want to receive calls on her cellular telephone. (Complaint, ¶¶ 7-18, 22, 24). As a result of this purported conduct, Plaintiff brings claims against Capital One for violations of the Florida Consumer Collection Practices Act (FCCPA), 559.55, *et seq.* and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*[1] (*See generally* Complaint, Count I; Count II).[2]

3. Capital One received a copy of the Summons and Complaint on March 2, 2017. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446.

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367; 1441 and 1446 because the lawsuit places at issue claims arising under a law of the United States.

## II. FEDERAL JURISDICTION

### A.   **Federal Question Jurisdiction Exists Over This Action.**

5. This action may be removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1331.

6. Specifically, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. §

---

[1] While the title of Count II is "Unlawful Use of Telephone Equipment," Plaintiff seeks relief under the TCPA. (*See* Complaint Count II). Further, the Introduction to the Complaint expressly states that Plaintiff is asserting a claim for violation of the TCPA (*See* Complaint ¶ 1).

[2] Nothing in this Notice of Removal should be in any way construed as an admission by Capital One that Plaintiff's claims have any merit whatsoever. Capital One denies that Plaintiff is entitled to any judgment, damages, relief, and/or award and demands strict proof thereof.

1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

7. Plaintiff's Complaint purports to assert a claim for violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* (*See* Complaint, ¶ 1; Count II).

8. The United States Supreme Court has held that TCPA claims give rise to federal question jurisdiction. *See Mims v. Arrow Financial Services, LLC*, --- U.S. ---, 132 S.Ct. 740, 745, 181 L.E.2d 881 (2012); *see also Balthazar v. Central Credit Services, Inc.*, 475 Fed. Appx. 716 (11th Cir. 2012).

9. Because Plaintiff asserts a claim arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1441(a).

**B.   Supplemental Jurisdiction Exists Over Plaintiff's Remaining Claims.**

10. This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claims because these claims form part of the same case or controversy as Plaintiff's TCPA claim. (*See generally* Complaint).

11. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

12. Plaintiff's FCCPA claims are related to the same alleged activity that forms the basis for Plaintiff's TCPA claim, i.e., alleged telephone calls made in connection with the collection of Plaintiff's account. (Complaint, ¶¶ 5-19, 21-22). *See also* 28 U.S.C. § 1367.

13. Capital One expressly consents to this Court's jurisdiction over Plaintiff's FCCPA claim.

14. Accordingly, this claim is related to Plaintiff's federal question claim, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

### III. PROCEDURAL REQUIREMENTS

15. No prior application has been made for the relief requested herein.

16. The United States District Court for Middle District of Florida, Jacksonville Division, embraces the place where this action was pending in State Court.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, will be filed with the Clerk of the Circuit Court for Duval County, Florida.

18. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

19. True and correct copies of all process, pleadings and orders served on Capital One are attached as Exhibit 1. *See* 28 U.S.C. § 1446(a).

20. Pursuant to Local Rule 4.02(b), true and correct copies of all process, pleadings, orders and other papers or exhibits of every kind, including depositions on file in the state court file are attached as Exhibit 2.

21. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Capital One's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fla. R. Civ. P. 1.110 and 1.140 or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

22. To the extent remand is sought by Plaintiff or otherwise visited by this Court, Capital One requests the opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

WHEREFORE, Capital One Bank (USA), N.A. prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.

Dated: March 22, 2017

Respectfully Submitted,

_____
Joshua H. Threadcraft (FL Bar No. 96153)
Megan P. Stephens (FL Bar No. 0092557)
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
Email: jthreadcraft@burr.com
mstephens@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of March, 2017, a copy of the foregoing has been sent to counsel by U.S. Mail, postage prepaid, and electronic mail.

Ryan G. Moore
First Coast Consumer Law
340 Third Avenue South, Suite A
Jacksonville Beach, FL 32250-6767
pleadings@firstcoastconsumerlaw.com

_____
OF COUNSEL

29402168 v1