16-2017-CA-001057-XXXX-M

Filing # 52675627 E-Filed 02/17/2017 04:44:23 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

INDIA DAVIS,

    Plaintiff,

vs.

CAPITAL ONE BANK (USA), N.A.,
    Serve On:
    4851 Cox Road
    Glen Allen, VA 23060

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES
AND DEMAND FOR JURY TRIAL**

**I.   INTRODUCTION**

1.    This is an action for injunctive relief and damages in excess of $15,000.00, brought by an individual consumer, INDIA DAVIS, for violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), by Defendant, CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE") Fundamentally, this case is about the Defendant's refusal to respect Ms. Davis' personal and legal rights in its attempts to collect an alleged debt from Ms. Davis.

**II.   JURISDICTION AND VENUE**

2.    Jurisdiction of this Court arises pursuant to Fla. Stat. § 26.012, Fla. Stat. § 559.77(1), and 47 U.S.C. § 227(b)(3). Venue in this County is proper in that the Plaintiff resides here, the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, INDIA DAVIS, is a natural person, and citizen of the state of Florida residing in Jacksonville, Florida. Ms. Davis is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(8), and a "person" as defined by the TCPA, 47 U.S.C. § 227(a)(2)(A).

4. Defendant, CAPITAL ONE, is chartered as a National Bank with the Federal Deposit Insurance Corporation. CAPITAL ONE's headquarters are located at 4851 Cox Road, Glen Allen, VA 23060, Henrico County.

### IV.   BACKGROUND

5. Ms. Davis had an alleged debt to CAPITAL ONE arising out of personal, family, or household purposes. The alleged debt is a "consumer debt" as defined by the FCCPA, Fla. Stat. § 559.55(6).

6. Ms. Davis, facing numerous financial difficulties after losing her job, begin to fall behind on Ms. Davis' bills, including the alleged debt to CAPITAL ONE.

7. CAPITAL ONE willfully communicated with Ms. Davis by means of at least one hundred ninety-three (193) telephone calls to Ms. Davis' cellular telephone (number ending in 2302 (the "Telephone Number") between December 18, 2014 and April 20, 2015.

8. At all times pertinent hereto Ms. Davis has been the customary user of the telephone number.

9. Table 1 displays the dates and times of at least some of the telephone calls made by CAPITAL ONE to Plaintiff's cellular telephone between December 18, 2014 and April 20, 2015.

**TABLE 1**
Telephone Calls Made to Plaintiff's Cellular Telephone Between
December 18, 2014 and April 20, 2015

| DATE | TIME | DATE | TIME | DATE | TIME |
|---|---|---|---|---|---|
| 12/18/2014 | 10:59 A.M. | 01/26/2015 | 4:29 P.M. | 03/09/2015 | 6:45 P.M. |

| 12/19/2014 | 12:15 P.M. | 01/26/2015 | 6:35 P.M. | 03/10/2015 | 4:54 P.M. |
|---|---|---|---|---|---|
| 12/20/2014 | 10:20 A.M. | 01/26/2015 | 6:37 P.M. | 03/11/2015 | 8:11 A.M. |
| 12/21/2014 | 6:38 P.M. | 01/27/2015 | 4:57 P.M. | 03/11/2015 | 5:19 P.M. |
| 12/22/2014 | 2:51 P.M. | 01/28/2015 | 3:44 P.M. | 03/12/2015 | 12:30 P.M. |
| 12/23/2014 | 10:23 A.M. | 01/29/2015 | 11:49 A.M. | 03/12/2015 | 6:56 P.M. |
| 12/23/2014 | 3:28 P.M. | 01/29/2015 | 4:28 P.M. | 03/13/2015 | 9:34 A.M. |
| 12/24/2014 | 10:41 A.M. | 01/30/2015 | 10:03 A.M. | 03/13/2015 | 4:40 P.M. |
| 12/24/2014 | 3:33 P.M. | 01/30/2015 | 4:28 P.M. | 03/14/2015 | 11:03 A.M. |
| 12/26/2014 | 8:20 A.M. | 01/31/2015 | 1:05 P.M. | 03/14/2015 | 4:07 P.M. |
| 12/26/2014 | 4:06 P.M. | 01/31/2015 | 6:40 P.M. | 03/15/2015 | 4:58 P.M. |
| 12/27/2014 | 11:00 A.M. | 02/01/2015 | 9:22 A.M. | 03/16/2015 | 12:20 P.M. |
| 12/27/2014 | 5:16 P.M. | 02/01/2015 | 1:30 P.M. | 03/17/2015 | 1:13 P.M. |
| 12/28/2014 | 9:53 A.M. | 02/02/2015 | 2:41 P.M. | 03/17/2015 | 4:16 P.M. |
| 12/28/2014 | 2:50 P.M. | 02/03/2015 | 10:41 A.M. | 03/18/2015 | 3:28 P.M. |
| 12/29/2014 | 4:34 P.M. | 02/03/2015 | 3:31 P.M. | 03/19/2015 | 8:49 A.M. |
| 12/30/2014 | 8:33 A.M. | 02/04/2015 | 8:35 A.M. | 03/19/2015 | 2:35 P.M. |
| 12/30/2014 | 2:55 P.M. | 02/04/2015 | 4:10 P.M. | 03/20/2015 | 8:33 A.M. |
| 01/02/2015 | 10:21 A.M. | 02/05/2015 | 12:16 P.M. | 03/20/2015 | 1:54 P.M. |
| 01/03/2015 | 10:31 A.M. | 02/05/2015 | 5:19 P.M. | 03/21/2015 | 1:39 P.M. |
| 01/03/2015 | 4:56 P.M. | 02/06/2015 | 10:48 A.M. | 03/22/2015 | 1:23 P.M. |
| 01/04/2015 | 10:20 A.M. | 02/06/2015 | 3:34 P.M. | 03/22/2015 | 6:37 P.M. |
| 01/04/2015 | 4:00 P.M. | 02/07/2015 | 10:55 A.M. | 03/23/2015 | 1:41 P.M. |
| 01/04/2015 | 10:49 P.M. | 02/07/2015 | 2:05 P.M. | 03/23/2015 | 6:23 P.M. |
| 01/04/2015 | 10:50 P.M. | 02/08/2015 | 10:03 A.M. | 03/24/2015 | 8:56 A.M. |
| 01/05/2015 | 10:48 A.M. | 02/08/2015 | 3:37 P.M. | 03/24/2015 | 2:47 P.M. |
| 01/06/2015 | 7:29 P.M. | 02/09/2015 | 4:23 P.M. | 03/25/2016 | 8:35 A.M. |
| 01/07/2015 | 8:21 A.M. | 02/10/2015 | 1:55 P.M. | 03/25/2016 | 2:06 P.M. |
| 01/07/2015 | 4:50 P.M. | 02/10/2015 | 8:17 P.M. | 03/26/2015 | 9:02 A.M. |
| 01/08/2015 | 1:46 P.M. | 02/11/2015 | 12:58 P.M. | 03/26/2015 | 2:15 P.M. |
| 01/09/2015 | 1:13 P.M. | 02/11/2015 | 8:48 P.M. | 03/27/2015 | 12:21 P.M. |
| 01/09/2015 | 8:53 P.M. | 02/12/2015 | 11:43 A.M. | 03/28/2015 | 10:53 A.M. |
| 01/10/2015 | 11:33 A.M. | 02/12/2015 | 4:01 P.M. | 03/28/2015 | 3:10 P.M. |
| 01/10/2015 | 4:52 P.M. | 02/13/2015 | 10:50 A.M. | 03/29/2015 | 4:49 P.M. |
| 01/11/2015 | 10:30 A.M. | 02/13/2015 | 7:23 P.M. | 03/30/2015 | 11:36 A.M. |
| 01/11/2015 | 4:22 P.M. | 02/14/2015 | 12:29 P.M. | 03/30/2015 | 4:23 P.M. |
| 01/12/2015 | 12:32 P.M. | 02/14/2015 | 6:52 P.M. | 03/31/2015 | 8:24 A.M. |
| 01/12/2015 | 8:13 P.M. | 02/15/2015 | 11:33 A.M. | 03/31/2015 | 2:28 P.M. |
| 01/13/2015 | 10:12 A.M. | 02/15/2015 | 5:41 P.M. | 04/01/2015 | 12:13 P.M. |
| 01/13/2015 | 5:33 P.M. | 02/16/2015 | 10:12 A.M. | 04/02/2015 | 2:12 P.M. |
| 01/14/2015 | 8:41 A.M. | 02/16/2017 | 8:54 P.M. | 04/02/2015 | 5:27 P.M. |
| 01/14/2015 | 5:30 P.M. | 02/18/2015 | 1:55 P.M. | 04/03/2015 | 2:17 P.M. |
| 01/15/2015 | 8:49 A.M. | 02/19/2015 | 4:40 P.M. | 04/04/2015 | 2:57 P.M. |
| 01/15/2015 | 4:39 P.M. | 02/20/2015 | 11:01 A.M. | 04/06/2015 | 8:11 A.M. |
| 01/16/2015 | 9:58 A.M. | 02/21/2015 | 5:45 P.M. | 04/06/2015 | 5:12 P.M. |
| 01/16/2015 | 4:28 P.M. | 02/22/2015 | 2:10 P.M. | 04/07/2015 | 11:35 A.M. |

| 01/17/2015 | 10:40 A.M. | 02/22/2015 | 7:20 P.M. | 04//07/2015 | 6:41 P.M. |
|---|---|---|---|---|---|
| 01/17/2015 | 4:45 P.M. | 02/23/2015 | 1:52 P.M. | 04/08/2015 | 2:13 P.M. |
| 01/18/2015 | 9:48 A.M. | 02/23/2015 | 8:12 P.M. | 04/09/2015 | 3:18 P.M. |
| 01/18/2015 | 3:18 P.M. | 02/24/2015 | 10:01 A.M. | 04/10/2015 | 6:49 P.M. |
| 01/19/2015 | 1:45 P.M. | 02/24/2015 | 5:48 P.M. | 04/11/2015 | 11:01 A.M. |
| 01/20/2015 | 10:52 A.M. | 02/25/2015 | 5:44 P.M. | 04/11/2015 | 3:08 P.M. |
| 01/20/2015 | 5:25 P.M. | 02/26/2015 | 5:10 P.M. | 04/12/2015 | 4:34 P.M. |
| 01/21/2015 | 8:49 A.M. | 02/27/2015 | 3:36 P.M. | 04/13/2015 | 12:14 P.M. |
| 01/21/2015 | 9:05 A.M. | 02/28/2015 | 8:30 P.M. | 04/13/2015 | 6:32 P.M. |
| 01/21/2015 | 6:19 P.M. | 03/01/2015 | 4:08 P.M. | 04/14/2015 | 9:54 A.M. |
| 01/23/2015 | 11:14 A.M. | 03/03/2015 | 12:30 P.M. | 04/15/2015 | 8:18 A.M. |
| 01/23/2015 | 6:04 P.M. | 03/04/2015 | 4:15 P.M. | 04/15/2015 | 2:19 P.M. |
| 01/23/2015 | 6:07 P.M. | 03/04/2015 | 8:38 P.M. | 04/17/2015 | 3:28 P.M. |
| 01/23/2015 | 6:13 P.M. | 03/05/2015 | 9:15 A.M. | 04/18/2015 | 8:18 A.M. |
| 01/24/2015 | 10:12 A.M. | 03/05/2015 | 5:35 P.M. | 04/18/2015 | 2:19 P.M. |
| 01/24/2015 | 10:16 A.M. | 03/06/2015 | 4:24 P.M. | 04/19/2015 | 3:27 P.M. |
| 01/24/2015 | 6:59 P.M. | 03/07/2015 | 7:01 P.M. | 04/20/2015 | 10:00 A.M. |
| 01/25/2015 | 10:36 A.M. | 03/08/2015 | 4:42 P.M. | | |
| 01/25/2015 | 3:39 P.M. | 03/09/2015 | 11:38 A.M. | | |

10. The telephone calls listed in Table 1 were willfully or knowingly made to Ms. Davis' cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1).

11. The ATDS used to make the calls listed in Table 1 has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

12. On information and belief, the telephone system utilized by CAPITAL ONE operates as a predictive dialer.

13. When Ms. Davis was able to answer some of the telephone calls listed in Table 1 there was a pause after Ms. Davis answered before a live representative was connected to Ms. Davis.

14. When Ms. Davis was able to answer some of the telephone calls listed in Table one Ms. Davis would hear "robo-voices" upon answering.

15. The telephone calls listed in Table 1 were not made for emergency purposes as detailed by the TCPA, 47 U.S.C. § 227(b)(1)(A)(i).

16. The telephone calls listed in Table 1 were placed to Ms. Davis' cellular telephone for which Ms. Davis incurs a charge for incoming calls as detailed by the TCPA, 47 U.S.C. § 227(b)(1).

17. Ms. Davis, facing financial difficulties after becoming unemployed, repeatedly informed CAPITAL ONE, or CAPITAL ONE's representatives, that Ms. Davis did not want to be called on her cellular telephone.

18. CAPITAL ONE did not have Ms. Davis' prior, unrevoked, consent to contact Ms. Davis' cellular telephone.

19. CAPITAL ONE's debt collection activity resulted in Ms. Davis suffering embarrassment, humiliation, pain and suffering, emotional and mental distress, loss of sleep, loss of happiness, and caused strains in Ms. Davis' personal and business relationships.

### V.   COUNT I – FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS BY CAPITAL ONE BANK (USA), N.A.[1]

20. Ms. Davis incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 of this Complaint.

21. CAPITAL ONE, by willfully communicating with Ms. Davis so frequently, including at least forty-three (43) times in March, 2015, and by engaging in the debt collection activity described above, could reasonably expect to harass Ms. Davis in violation of Fla. Stat. § 559.72(7).

---

[1] The FCCPA states that "[a]n action brought under this section [the FCCPA] must be commenced within 2 years after the date the alleged violations occurred." Fla. Stat. § 559.72(4). For purpose of Count I Plaintiff is only referencing Defendant's collection activities occurring within two (2) years prior to the filing of the Complaint.

22. CAPITAL ONE, by asserting that it had the right to call Ms. Davis' cellular telephone using automatic telephone dialing equipment despite Ms. Davis' repeated instruction not to call her cellular telephone, asserted the existence of a legal right to collect the alleged debt from Ms. Davis even though CAPITAL ONE had actual knowledge that it did not have that right in violation of Fla. Stat. § 559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CAPITAL ONE BANK (USA), N.A., for:

a. Actual and statutory damages pursuant to Fla. Stat. §559.77;

b. Attorney's fees, litigation expenses and costs of suit pursuant to Fla. Stat. § 559.77;

c. Injunctive relief; and

d. Such other or further relief as the Court deems proper.

### VI. COUNT II – UNLAWFUL USE OF TELEPHONE EQUIPMENT BY CAPITAL ONE BANK (USA), N.A.

23. Ms. Davis incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 of this Complaint.

24. CAPITAL ONE BANK (USA), N.A. willfully and knowingly placed non-emergency telephone calls to Ms. Davis' cellular telephone using an automated telephone dialing system without Ms. Davis' prior, unrevoked consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CAPITAL ONE BANK (USA), N.A., for:

a. Damages pursuant to 47 U.S.C. § 227(b)(3);

b. Treble damages pursuant to 47 U.S.C. § 227(b)(3)(C);

b. Injunctive relief; and

c. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

/s/ Ryan G. Moore
Ryan G. Moore, Fla. Bar No.: 70038
First Coast Consumer Law
340 Third Avenue South, Suite A
Jacksonville Beach, FL, 32250-6767
P: (904) 242-7070 F: (904) 242-7054
e-service: pleadings@firstcoastconsumerlaw.com
*Attorney for Plaintiff*